UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MORISSETTE,     )  | |
|                         )  | |
|     Plaintiff     ) | |
| v.                      )  | No. 2:14-cv-00452-JDL |
|                         )  | |
| COTE CORPORATION,       )  | |
|                         )  | |
|     Defendant    )  | |

*MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE*

Following summary judgment practice and in advance of trial, the plaintiff in this employment action seeks, over objection, the defendant employer's financial information for purposes of his punitive damages claim. Treating the plaintiff's request as a motion to compel responses to previously-served discovery requests, I grant the plaintiff's request, with the modifications discussed below.

The parties' dispute concerns the following six discovery requests propounded by the plaintiff:

1. Interrogatory No. 28, seeking identification of the defendant's gross and net revenues for 2010 to 2015.

2. Request for Production of Documents ("RFP") No. 41, seeking all financial statements of the defendant from 2012 to the present.

3. RFP No. 42, seeking documents, records, and information in any form or format showing or tending to show the revenues and liabilities of the defendant and the change in such revenues and liabilities between January 1, 2012, and the present.

1

      4.      RFP No. 43, seeking any record, evidence, appraisals, or documents in any form or format assessing, appraising, or purporting to assess, appraise, or estimate the fair market value of the defendant's assets.

      5.      RFP No. 44, seeking all documents, records, and evidence in any form or format tending to indicate the amount of liquid assets the defendant has on hand, or can reasonably access either through borrowing or financing.

      6.      RFP No. 45, seeking all records or documents continuing projections or estimate of the defendant's projected revenues for fiscal years 2015-2017.

During a discovery teleconference that I held with the parties more than a year ago, on July 7, 2015, they noted that they had agreed to defer discovery on punitive damages until the adjudication of any summary judgment motion. *See* ECF No. 15 at 3. The defendant subsequently filed a motion for partial summary judgment, *see* ECF No. 34, which Judge Levy granted in part and denied in part by memorandum decision and order dated May 31, 2016, *see* ECF No. 53. The parties then engaged in good-faith, but ultimately futile, negotiations to resolve a dispute over the relevance of the punitive damage-related discovery requests.

As Judge Levy noted, *see* ECF No. 53 at 1-2, the plaintiff, a heavy-equipment mechanic with 35 years' experience and a history of artery disease, contends that the defendant company, which provides crane and rigging services and other trucking services, violated his rights pursuant to the Americans with Disabilities Act ("ADA"), the Maine Human Rights Act ("MHRA"), and the Maine Whistleblowers' Protection Act ("WPA") when it terminated his employment within two weeks after hiring him as its shop mechanic in May 2013.[1]

---

[1] Judge Levy granted summary judgment in part as to Counts I and II, the plaintiff's ADA and MHRA claims, to the extent that the plaintiff had alleged failure to accommodate and retaliation, and otherwise denied summary judgment as to those claims to the extent that the plaintiff alleged discriminatory termination. *See* ECF No. 53 at 30. The plaintiff's WPA claim, contained in Count III of his complaint, was not at issue in the motion. *See id.*

In seeking the financial discovery here at issue, the plaintiff contends that the requested information is discoverable pursuant to rulings of this court and a majority of federal courts, a proposition for which he cited *St. Joseph Hosp. v. INA Underwriters Ins. Co.*, 117 F.R.D. 24, 25-26 (D. Me. 1987), and *EEOC v. Braun Elec. Co.*, No. 1:12-cv-01592-LJO-JLT, 2014 WL 356998, at *4 (E.D. Cal. Jan. 24, 2014), as well as an unpublished order of this court, Report of Hearing and Order re: Discovery Dispute (ECF No. 59), *Centore v. Bentley's Saloon, LLC*, No. 2:13-cv-324-DBH ("*Centore* Order"), at 3-4 (D. Me. Mar. 24, 2015).

The defendant argues that the discovery requests are irrelevant and harassing or, alternatively, overbroad given that punitive damages are capped in this case as a matter of law at $50,000 because of the defendant's size. However, the defendant acknowledges that it has not stipulated to punitive damages in any particular amount should the jury find an award of such damages appropriate. The plaintiff does not dispute that the cap would apply; however, he notes that the jury would not be made aware of it. He denies that any of the discovery requests at issue was propounded to harass the defendant or was irrelevant, although he expresses willingness to modify the dates for which information was requested given the passage of time since the requests were made.

I grant the plaintiff's motion to compel responses to all six discovery requests with the modifications that, as to Interrogatory No. 28 and RFP Nos. 41-44, the discovery requests shall pertain to the time period of January 1, 2014, to the present, and, as to RFP No. 45, the request shall pertain to 2017. The defendant shall serve its responses to the relevant discovery requests pursuant to the Confidentiality Order entered in this case (ECF No. 17) by no later than December 6, 2016, with the proviso that it need only produce the minimum number of documents that contain the requested information: for example, if its financial statements, which are directly responsive

to RFP No. 41, also contain the additional information requested through RFP Nos. 42-44, it need only produce those financial statements.

Federal Rule of Civil Procedure 26(b)(1), as revised effective December 1, 2015, permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  The requested discovery clearly is relevant to the plaintiff's claim for punitive damages.  However, the time that has elapsed since the discovery was propounded and the existence of the $50,000 cap counsel in favor of modifying the time period for which discovery is requested and requiring the production of the minimum number of documents necessary to convey the requested information.

The practice in this court, consistent with that of a majority of federal courts addressing the issue, generally is to permit pretrial discovery of financial information without requiring a plaintiff to establish a *prima facie* case on the issue of punitive damages.  See *St. Joseph*, 117 F.R.D. at 25-26; *Centore* Order at 3-4; *see also, e.g., Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, Case No. 1:14-cv-01445-JLT, 2016 WL 3538251, at *4 (E.D. Cal. June 29, 2016); *Zielke v. Vision Hosp. Grp., Inc.*, No. 1:14-CV-362-SKL, 2015 WL 9876950, at *2-*3 (E.D. Tenn. Nov. 3, 2015); *Turnage v. Clarity Servs., Inc.*, Civil Action No. 3:14CV760 (HEH-RCY), 2015 WL 5092695, at *4 (E.D. Va. July 22, 2015); *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 498-99 (D.R.I. 1994).

> As the United States District Court for the District of Rhode Island reasoned in *CEH*:
>
> To require a *prima facie* showing of entitlement to punitive damages before the completion of discovery would be to ignore one purpose of discovery – to locate evidence to support a claim before trial.  Additionally, knowledge of defendants' net worth may be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation.  Furthermore, to deny discovery of net worth until plaintiffs can make a showing of a *prima facie* case at trial would only lead to delay and confusion while plaintiffs digest the information.

> Finally, while a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order. The Court does recognize that a protective order may not always protect a party. For example, if the plaintiff and the defendant were business competitors, disclosure of the defendant's financial records to the plaintiff, even with a protective order, could cause the defendant great harm. In such circumstances, a delay in discovery until a *prima facie* showing of entitlement to punitive damages is shown might be justified. However, that issue is not before the Court in this case. On the facts of this case, the Court concludes that a protective order would provide defendants with adequate protection while permitting discovery to proceed in an orderly manner.

*CEH*, 153 F.R.D. at 499 (citations omitted).

In this case, as well, the plaintiff and defendant are not business competitors but, rather, an employer and former employee. In these circumstances, as in *CEH*, the Confidentiality Order provides adequate protection to the defendant while permitting discovery to proceed in an orderly manner.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 22nd day of November, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge